STATE OF IOWA, Appellee, v. ROSE SHELTON, Appellant.

CRIMINAL LAW: Demonstrative Evidence—Identification. Properly identified, demonstrative evidence is admissible, if relevant. So held as to bottles of liquor.

TRIAL: Change in Record Bearing on Former Ruling. A ruling on the admissibility of evidence, which is correct in view of the then condition of the record, is not, *ipso facto*, rendered erroneous by a subsequent change in the record.

INTOXICATING LIQUORS: Excessive Fine. A fine of $600 for maintaining a liquor nuisance will not be reduced simply on the plea that the conviction was defendant's first offense.

*Appeal from Polk District Court.*—GEO. A. WILSON, Judge.

NOVEMBER 22, 1918.

CONVICTION for maintaining a liquor nuisance. Defendant appeals.—*Affirmed.*

*F. T. Van Liew,* for appellant.

*H. M. Havner,* Attorney General, *F. C. Davidson,* Assistant Attorney General, *Ward C. Henry,* and *A. G. Rippey,* for appellee.

SALINGER, J.—I. It is urged the testimony did not warrant the verdict of guilty. And this complaint involves the contention that it was error to receive in evidence two

bottles, identified as Exhibits A and B, on
the testimony of Moore, against the objec-
tion that it was not the best evidence, that
the bottles were not properly identified, and
were incompetent, immaterial, and irrele-
vant. Moore testified that these bottles contained whisky
that he bought of defendant; that defendant dipped out
the liquor bought, and poured it into these bottles, and that
before this was done, the witness tasted of the liquor. We
are at some loss to understand why receiving the two bottles
so identified offends against the rule that the best evidence
should be adduced. In other words, we are at some loss
to know just what receivable evidence on the point would
have been better. Assume it would have been proper for
the jurors to taste the liquor in these bottles, the proof that
the contents were those that had been sold by defendant
would still have to rest upon testimony that some witness
knew that the liquor sampled by the jurors was that sold
by the defendant. Moore added that he had turned the
bottles over to one Day. True, Day does not undertake to
say that the liquor surrendered to him by Moore was
bought of defendant, and it may be assumed that the bottles
had more in them when Day received them that they had
when offered in evidence. Now, this may prove that Moore
did not surrender the whisky to a safe custodian, so far as
assurance that it would not be diminished is concerned, but
it does not break the force of the testimony of the one that
liquor which he found, on tasting, to be whisky, was put
into bottles, and these bottles handed over to Day, and the
testimony of Day that what whisky remained in the bottle
at the time of the trial had been turned over to him by
Moore.

The identification was not so defective as that the court
was justified in excluding the exhibits, and thus holding, as
matter of law, that the identification was insufficient. That

1. CRIMINAL LAW: demonstrative evidence: identification.

the identity of the exhibits was not submitted to the jury, is not complained of.

### 1-a

Another point is that, after the court had admitted the exhibits on a reserved ruling, testimony came into the record which tended to break down the identification of the exhibits. As to an objection to testimony ruled on at the time when the objection is made, or an objection as to which ruling is reserved, where no ruling is later demanded, the ruling is measured as of the time when the objection was made. If it was then rightly overruled, the ruling will not be made erroneous because subsequently there is testimony which might require a different ruling. See *Mitchell v. Beck,* 178 Iowa 786.

2. TRIAL: change in record bearing on former ruling.

II. As for the rest, Moore testified positively—and it is not disputed—that, on the 27th of August last, he bought whisky from defendant at a place occupied by her in Polk County.

If it be a material question whether one See bought liquor on August 29th, and material that there is testimony he was in the alley at that time,—which, if true, made it impossible for him to have bought liquor of defendant at that time,—it is to be answered that where See was at the time in question is fairly in conflict. The main argument is that the verdict should be set aside for want of support, on the ground that, if any sale was made, it was made by another than defendant. This entirely overlooks the testimony of Moore that he bought whisky from the defendant. If it be true that some of the evidence casts a doubt upon the credibility of the witnesses Moore and See, their credibility was for the jury; and if the jury believed Moore,—and we cannot say it had no right to do so,—there is no room for the argument that the conviction cannot stand because defendant did not do the selling.

It would serve no useful purpose to go into detail on the evidence. There may have been conflict and incoherences, so that a verdict of not guilty might not have been wholly arbitrary. But it is too manifest for extended discussion that, upon the evidence as a whole, no court would be justified in setting aside the verdict for lack of support in the evidence, or, for that matter, for being clearly against the weight of the evidence.

III. The defendant was fined $600, and it does not appear she has ever before been convicted upon any charge. This fact, and the claim that the testimony of witnesses for the prosecution should, in view of the interest of these witnesses, be closely scrutinized, are the reasons assigned for the claim that we should interfere because the punishment is excessive. The naked fact that, so far as is known, the defendant had not been before convicted of any offense, will not justify us in interfering with the judgment of the trial judge, who saw and heard the witnesses, and saw the defendant. And the alleged conclusiveness of the testimony given by Moore and See is, if sound, an argument for setting the verdict aside, but none for reducing the punishment. Since we are compelled to let the verdict stand, it must be treated as one fully supported, and, therefore, there is no room for the argument that mercy should be shown because the verdict was not warranted by the evidence.

3. INTOXICATING LIQUORS: excessive fine.

The judgment below must be—*Affirmed.*

PRESTON, C. J., LADD and EVANS, JJ., concur.